IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CENTRAL STATES SOUTHEAST AND )
SOUTHWEST AREAS PENSION FUND, )
et al., )
 )
      Plaintiffs, )
 )
  v. ) No. 10 C 7956
 )
CARGO CARRIERS, INC., et al., )
 )
      Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to transfer. For the reasons stated below, the motion to transfer is granted.

## BACKGROUND

Plaintiff Central States, Southeast and Southwest Areas Pension Fund (Fund) is an employee benefit plan and trust. Plaintiff Howard McDougall is a trustee of the Fund. Billings Transportation Group, Inc. (Billings) was allegedly required to make contributions to the Fund on behalf of Billings' employees. At one point, Defendant Cargo Carriers, Inc. (Cargo) was a trade or business under common control with Billings and other businesses. Certain individual Defendants allegedly owned

1

significant shares of stock in either Billings or Cargo. Plaintiffs contend that the group of businesses, including Billings, effectuated a complete withdrawal from the Fund and that Defendants are liable for withdrawal liability. The Fund brought the instant action pursuant to The Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* seeking to recover the unpaid withdrawal liability. Defendants have filed a motion to transfer.

## LEGAL STANDARD

A district court may transfer an action to another district where the action might have been brought pursuant to 28 U.S.C. § 1404(a) (Section 1404(a)) "[f]or the convenience of parties and witnesses, [if it is] in the interest of justice . . . ." 28 U.S.C. § 1404(a). In order to transfer a case, the transferor court must first find that: (1) venue is proper in the transferor district, *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986)(stating that a court "in which a suit is filed with proper venue" may transfer an action pursuant to § 1404(a)), and (2) venue is proper in the transferee district, *see* 28 U.S.C. § 1404(a)(stating that transfer can only be made to a district in which the action "might have been brought").

## DISCUSSION

Defendants move to transfer the instant action to the United States District Court for the Middle District of North Carolina. The parties have not disputed that the Northern District of Illinois and the Middle District of North Carolina are proper

venues. (Mem. Trans. 5); (Ans. Mot. 4).

I. Plaintiffs' Choice of Forum

Plaintiffs argue that their choice of forum is entitled to deference. In considering whether to transfer an action, the court should "give some weight to the plaintiff's choice of forum." *Federal Deposit Ins. Corp. v. Citizens Bank & Trust Co. of Park Ridge, Ill.*, 592 F.2d 364, 368 (7th Cir. 1979); *See also In re National Presto Industries, Inc.*, 347 F.3d 662, 664 (7th Cir. 2003)(stating that "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed'")(quoting in part *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). Plaintiffs cite non-controlling precedent that they contend indicates that pension funds' choice of a forum should be given special deference. (Ans. Mot. 4). Plaintiffs argue that the assets of pension plans will be drained if pension plans are forced to litigate throughout the country. However, simply because the Fund is a pension plan does not mean that Plaintiffs are entitled to pursue an action in the forum of their choice and Plaintiffs have not cited any precedent to support such a notion. Section 1404(a) does not provide any express provision exempting pension funds from a transfer under that statute. Nor does caselaw hold that a pension fund is exempt from transfers from a forum that the pension fund chooses. *See, e.g., Central States, Southeast and Southwest Areas Pension Fund v. John R. Concrete & Supply Co.*, 2008 WL 4066399, at *3 (N.D. Ill. 2008)(holding that a case brought by a pension fund should be transferred based on the substantial burden for the defense

to proceed in the chosen forum). If, after a consideration of all the factors considered for a motion to transfer venue, a transfer is appropriate, even a pension fund under certain circumstances that opted to deal with parties located in a certain forum may be required to pursue an action in that forum. In the instant action, it is undisputed that Plaintiffs opted to deal with Defendants, which are not in Illinois. Thus, Plaintiffs' choice of forum, while accorded deference, particularly in an ERISA case brought by a pension fund, is not dispositive. As will be explained further below, despite Plaintiffs' choice of the instant forum, based on the unique circumstances in this case, a transfer is warranted.

II. Convenience of Parties and Witnesses

Defendants argue that the convenience of the parties and witnesses would be best served by a transfer of the instant action. Defendants have shown that the individual Defendants were residents of North Carolina with the exception of Mary Fisher, who is a resident of Virginia. It is undisputed that Cargo is a dissolved North Carolina corporation. Defendants have shown that a significant amount of relevant documents and witnesses in this case are located in North Carolina.

Plaintiffs contend that the location of witnesses should not be considered because Cargo has waived all challenges to withdrawal liability and the testimony of witnesses will not be necessary. However, as Defendants point out, whether any Defendants waived challenges to liability, and whether witness testimony can be introduced, relates to the merits of Plaintiffs' claims. Such decisions concerning the

4

merits are not properly made until the transfer issue has been resolved and the case is proceeding in the proper court. Plaintiffs also complain that Defendants have not properly identified potential witnesses and their potential testimony. However, Defendants have put forth details in affidavits indicating which witnesses have firsthand knowledge of certain matters. Defendants have also shown that a significant portion of the operative events occurred in North Carolina.

Defendants have also shown that they would incur expenses that would be a significant burden to Defendants if this case were to proceed in the instant forum. Only one Defendant in this case is a corporation. All other Defendants are merely individuals that happened to have an ownership interest in certain companies. Defendants have presented affidavits indicating certain unique hardships they face if they have to proceed in this forum. Defendants' affidavits also indicate that some of them are not sophisticated business persons and that they are not readily able to travel and litigate matters around the nation. For example, Defendant Donald C. Fisher indicates that he works as a Licensed Clinical Social Worker in North Carolina. (D Fish Aff. Par. 5). Another example, is Defendant Mary R. Fisher, who states that she is an ordained minister in Virginia and serves as the Assistant to the Rector for Children and Youth Ministries and is currently on maternity leave. (M Fish Aff. Par. 5).

Plaintiffs have not shown that they would be significantly burdened by proceeding with this case in North Carolina. Plaintiffs argue that a transfer of this case to North Carolina would merely shift the inconvenience to Plaintiffs, but

Plaintiffs have not shown that there would be any significant inconvenience to them if this case were to proceed in North Carolina. Plaintiffs offer only general statements about the necessity of pursuing many claims throughout the country, but have not shown that under the particular circumstances in this case it would be burdensome or inconvenient to proceed in North Carolina. (Ans. Mot. 8). Defendants have also shown, for example, that in bankruptcy actions in the Middle District of North Carolina, the Fund was represented by counsel in North Carolina in order to take two depositions and Plaintiffs have not shown that having counsel appear in North Carolina was overly burdensome. Thus, the convenience of the parties and witnesses would clearly be best served by a transfer of the instant action.

III. Interest of Justice

Defendants contend that the interest of justice would be promoted by a transfer. In addressing the interest of justice factor, a court may consider: (1) whether a transfer promotes the "efficient administration of the court system," (2) whether the action could be consolidated with other actions in the transferee district, (3) whether the judges in the transferee district are more familiar with the pertinent state law, (4) whether jurors in a particular district have a "financial interest in [the] case," and (5) which district would have jurors that could "best apply community standards." *Coffey*, 796 F.2d at 220-21, 221 n. 4. The court should also consider whether the transferee district has a lighter docket than the transferor district. *In re National Presto Indus., Inc.*, 347 F.3d at 664. In addressing the interest of justice

factor, the transferor court should focus on whether the proposed transfer would promote the "efficient functioning of the courts." *Coffey*, 796 F.2d at 221. The interest of justice factor does not involve a consideration of the merits of the plaintiffs' claim. *Id.* Defendants have shown that this action clearly could be more efficiently resolved in North Carolina, where the pertinent parties, witnesses and evidence are located. Defendants have also shown that North Carolina law would be at issue in this case. This case has many close connections with North Carolina and the limited connections that this case has with Illinois is that the Fund's office is located in Illinois and that personnel working for the Fund made calculations in Illinois and mailed letters from Illinois to Defendants. Defendants have also shown that some of the same legal issues addressed in bankruptcy actions filed in the Middle District of North Carolina may be relevant in the instant action. A transfer to the Middle District of North Carolina would provide the opportunity for the efficient resolution of the matter.

Plaintiffs argue that a transfer could jeopardize the interest of being subject to uniform interpretations of ERISA and that the interest of justice supports providing a pension fund with such uniform interpretations. Plaintiffs deal with parties throughout the country and the fact that Plaintiffs may, when dealing with a party in a particular jurisdiction, need to comply with the law of that jurisdiction, is not contrary to the interest of justice. While all future disputes connected to Plaintiffs could, in theory be resolved in one jurisdiction in one court in a uniform manner, that unanimity would not promote the efficient operation of the judicial system or the

other considerations that relate to the interest of justice factor. While accommodating a pension fund's choice of forum in certain instances might be warranted, based on the particular facts of the instant action, the interest of justice factor clearly favors a transfer. Therefore, based on the above, the motion to transfer is granted.

## CONCLUSION

Based on the foregoing analysis, the motion to transfer the instant action to the United States District Court for the Middle District of North Carolina is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 9, 2011